DRAPER ALLEN AND FLORENCE J. ALLEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Special Proceeding No. 104. Filed October 24, 1957.

*Harry H. Meisner, Esq.*, for the petitioners.
*John M. Byers, Esq.*, for the respondent.

OPINION.

KERN, *Judge:* Petitioners filed herein a motion for leave to file petition for redetermination of alleged deficiency, and an affidavit in support thereof on August 19, 1957. On the same date there was lodged with the Clerk of this Court the petition referred to in said motion, which requested a redetermination of a deficiency determined by respondent in income tax of petitioners for the calendar year 1951 in the amount of $4,757.92.

On February 11, 1957 (more than 90 days before August 19, 1957), respondent sent by registered mail a statutory notice of deficiency with regard to the taxable year 1951 to the petitioners at their last known address. However, the motion requests permission to file their petition on August 19, 1957, because of the facts hereinafter set forth.

At sometime prior to 1956 petitioners signed and filed with the proper representative of the Commissioner of Internal Revenue a power of attorney, which contained the following sentence:

It is requested that a copy of all communications, addressed to the undersigned, regarding any matter in which the said Attorneys are hereby authorized to act be addressed to Harry H. Meisner and Ivan I. Meisner of the Law Firm of Meisner and Meisner, 2231–33 National Bank Building, Detroit 26, Michigan.

A question concerning the income tax liability of petitioners for the year 1951 arose and was pending before respondent in the year 1956, and in that year a conference was held with regard to that dispute by representatives of the taxpayers and of the respondent. Also in that year a protest was filed by the taxpayers.

On February 11, 1957, the following letter was mailed by respondent and addressed to counsel for petitioners:

FEB 11 1957.

Mr. HARRY H. MEISNER,
   2231–33 National Bank Building,
    Detroit 26, Michigan.
DEAR Mr. MEISNER:
Subject: Mr. Draper Allen and
        Mrs. Florence J. Allen,
        954 Suffield Road,
        Birmingham, Michigan.
        Year: 1951

There is enclosed a copy of a letter addressed to the above-named taxpayers. together with a copy of a statement, forwarded in accordance with authority conferred upon you in the power of attorney executed by the taxpayers and on file with the Internal Revenue Service.

    Very truly yours,

(Sgd)   Victor Cuniglio,
VICTOR CUNIGLIO,
*Associate Chief, Appellate Division,*
*Chicago Region.*

Enclosures

In that letter was contained the following statement:

ARC–Ap: CHI
Det: EG: MMJ

### STATEMENT

Mr. Draper Allen and
Mrs. Florence J. Allen,
Husband and Wife,
954 Suffield Road
Birmingham, Michigan

Tax Liability for Taxable Year Ended
December 31, 1951

### INCOME TAX

| Year | Deficiency |
|------|-----------|
| 1951 | $4,757.92 |

In making this determination of your income tax liability, careful consideration has been given to your protest received August 7, 1956 and to the statements made at a conference held on September 12, 1956.

It is held that the loss of $15,784.62 labelled in Schedule G of your 1951 return as "Clark and Harrison Street Property, Loss, Chicago, Ill.", is not allowable under any of the provisions of the Internal Revenue Code of 1939.

It is held that in 1951 there was omitted from your gross income $15,784.62, which amount is in excess of 25 per centum of the amount of the gross income stated in your return. Consequently, the tax for 1951 may be assessed under the provisions of section 275 (c) of the Internal Revenue Code of 1939.

A copy of this letter and statement has been mailed to your representative, Mr. Harry H. Meisner, 2231–33 National Bank Building, Detroit 26, Michigan, in accordance with the authority contained in the power of attorney executed by you.

Taxable Year Ended December 31, 1951

### ADJUSTMENT TO NET INCOME

| | |
|---|---|
| Net income as disclosed by return | $8,601.95 |
| Unallowable deductions and additional income: | |
| (a) Other income | 15,784.62 |
| Net income as adjusted | $24,386.57 |

### EXPLANATION OF ADJUSTMENT

(a) See explanation in the forepart of this statement.

### COMPUTATION OF INCOME TAX

| | |
|---|---|
| Net income as adjusted | $24,386.57 |
| Less: Exemption (5×$600.00) | 3,000.00 |
| Taxable income | $21,386.57 |
| Taxable income for joint return, ½ of $21,386.57 | $10,693.29 |
| Income tax liability (2×$2,966.38) | $5,932.76 |
| Income tax liability disclosed by return, Serial No. 26–3210958 | 1,174.84 |
| Deficiency in income tax | $4,757.92 |

There was not contained in the above-quoted letter to petitioners' counsel a separate statutory notice of deficiency or so-called 90-day letter addressed to petitioners, or a copy thereof.

A demand for payment of the tax here involved was received by the petitioners on August 1, 1957.

The pertinent statutory provisions are subsections (a) and (b) of section 6212 and subsection (a) (6) of section 7701 of the Internal Revenue Code of 1954, which are quoted in the margin hereof.[1] The purport of these provisions is that a valid notice of deficiency is one sent by the Secretary or his delegate by registered mail to the taxpayer at his last known address, unless the Secretary or his delegate has notice that someone occupies the position of a fiduciary with regard to the taxpayer.

Obviously petitioners' counsel were not acting in a fiduciary capacity for petitioners as the term "fiduciary" is used and defined in the Internal Revenue Code of 1954.

Petitioners' position seems to be that the respondent failed to give counsel for petitioners the required statutory notice, although a request had been filed with respondent that a copy of all communications addressed to the taxpayers should be sent to their counsel, and if such required statutory notice had been given to counsel for petitioners, the petition herein would have been filed within the prescribed period. Therefore, the taxpayers request leave to file their petition for redetermination even though the time prescribed by section 6213 (a) of the Internal Revenue Code of 1954 had elapsed, in that the date upon which the petition herein was received was over 90 days after the mailing of the notice of deficiency to the taxpayers themselves.

Petitioners' legal argument is not entirely clear. They cannot argue that the statutory notice addressed to them personally is invalid since the issuance of a valid notice of deficiency is a prerequisite to the jurisdiction of this Court, and the notice addressed to them was the only one sent by respondent relating to the taxable year. If this was in-

---

[1] SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by chapter 1 or 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of such chapter and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

SEC. 7701. DEFINITIONS.

(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(6) FIDUCIARY.—The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person.

valid, then the motion would in effect be asking us to take jurisdiction of a proceeding on a ground which specifically negates our jurisdiction. The most favorable interpretation we can put on petitioners' contention is that while the notice of deficiency addressed to them was valid, its effectiveness in starting the 90-day period to run was in some way conditioned on the giving of some further notice, which should have been in the form of a formal notice to their counsel pursuant to the request contained in the power of attorney filed with the respondent but, in the circumstances here present, was the demand for payment made on August 1, 1957.

The argument *ad hominem* based upon so-called "equities" is clearer, and is an appeal to this Court to refuse to permit a mistake of counsel, due to respondent's alleged failure to give them sufficient notice, to deprive petitioners of their statutory privilege to institute proceedings before us. In effect, this is an argument that this Court, although a tribunal of limited statutory jurisdiction, may have extrastatutory jurisdiction conferred upon it by estoppel. Such an argument is without merit. *Alfred C. Ruby*, 2 B. T. A. 377.

In view of the express language of the statutory provisions relating to notices of deficiency and the filing of petitions with this Court, we are of the opinion that the failure of the respondent to send a copy of the notice of deficiency to the taxpayers' counsel, pursuant to a request contained in a power of attorney filed with the respondent, does not affect the time within which the taxpayer must file a petition with this Court if a notice of deficiency has been sent to the taxpayer by registered mail to his last known address. See *Bert D. Parker*, 12 T. C. 1079. A "notice of a deficiency in respect of a tax imposed by chapter 1 [income tax] * * *, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of such chapter and this chapter [chapter 63, subchapter B—Deficiency Procedures in the Case of Income, Estate, and Gift Taxes] * * *." We know of no statutory provision under which we could hold such a notice, thus declared by statute to be sufficient, to be insufficient to mark the beginning of the period for filing prescribed by section 6213 (a) because the respondent failed to send a copy of such notice to one other than the taxpayer even if requested by the taxpayer to do so by as formal a document as a power of attorney.

Under the facts of the instant case there are no equities in favor of petitioners' position which would cause us to question the result reached by our interpretation of the statute, even if a consideration of equities were proper. The statement concerning the deficiency in petitioners' income tax for 1951, which their counsel admittedly received on or about February 11, 1957, should have been

adequate information to them that such a deficiency had been determined against their clients.

An order will be entered herein denying petitioners' motion for leave to file petition for redetermination of an alleged deficiency, since the statutory period within which a petition based upon the deficiency notice of February 11, 1957, could have been filed expired long before August 19, 1957, when the petitioners first attempted to file their petition.