**R. P. BERGFELD, Appellant,**

v.

**Ellis CAMPBELL, Jr., District Director of Internal Revenue, Appellee.**

**No. 18686.**

United States Court of Appeals
Fifth Circuit.

May 9, 1961.

Rehearing Denied July 9, 1961.

Wentworth T. Durant, Ronald M. Mankoff, and Durant, Hobby & Mankoff, Dallas, Tex., for appellant.

William A. Friedlander, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., William B. West, III, U.S. Atty., Fort Worth, Tex., W. E. Smith, Asst. U. S. Atty., Dallas, Tex., Charles K. Rice, Asst. Atty. Gen., Louis F. Oberdorfer, Asst. Atty. Gen., A. F. Prescott, Atty., Dept. of Justice, Washington D., C., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from the denial by the trial court of an injunction against the assessment and collection of income taxes assertedly owed by the appellant.

This does not present the usual question as to the propriety of enjoining the collection of income taxes, cf. Campbell v. Guetersloh, 5 Cir., 287 F.2d 878, and McDonald v. Phinney, 5 Cir., 285 F.2d 121. This is so because if the alleged basis for the illegality of the assessment in the case before us is established factually the statute expressly authorizes the granting of an injunction against collection. The ground of attack by the appellant is that no valid assessment for the tax years 1943, 1944, 1945 and 1946 was

made because the deficiency notices, the so-called 90 day letters, were not "mailed to the taxpayer at his last known address," see Internal Revenue Code of 1939, Section 272(k), 26 U.S.C.A. § 272 (k). It is not contested by the government that if the 90 day letters were not so addressed then under Section 272(a) (1) appellant was entitled to seek an injunction against an assessment and attempt to collect the tax.

The basis of the appellant's argument that the deficiency notices were not sent to him at his last known address is that they were sent to 6655 Lakewood Boulevard, Dallas, Texas, at a time when he neither lived nor had a business at that address, and that he had at no time given such address to the Internal Revenue Service as a proper address for its purposes.

The Trial Court found as a fact that 6655 Lakewood Boulevard was, within the intention of the statute, the last known address of the taxpayer. The court's finding to this effect was based upon the undisputed evidence which it summarizes as follows:

"It will be noted that [the deficiency notice] was addressed to the taxpayer at 6655 Lakewood Boulevard, Dallas, Texas. Other letters and communications addressed to and from the taxpayer during this period at the above address were as follows:

| Date | Address | Exhibit |
|---|---|---|
| 2–14–47 | 6112 Martel | Agent Tipps' Report |
| 6– 3–47 | 2518 Main | Notice of Conference to Taxpayer |
| 11–25–47 | 6655 Lakewood | Agent's Report |
| 1– 2–48 | 6655 Lakewood | 30-day Letter to Taxpayer(2) |
| 1–29–48 | 6655 Lakewood | Protest from Taxpayer (Prepared by an accountant but over taxpayer's signature) |
| 2–10–48 | 6655 Lakewood | Letter to Taxpayer Acknowledging Receipt of Protest |
| 4–13–48 | 6655 Lakewood | Notice of Hearing to Taxpayer |
| 5–17–48 | 6655 Lakewood | Letter from Taxpayer (last communication from taxpayer over his signature) |
| 6– 7–48 | 6655 Lakewood | Letter to Taxpayer |
| 4–28–49 | 6655 Lakewood | 90-day Letter to Taxpayer(2) (Copy sent to taxpayer's attorney)." |

The court made the further findings of fact:

"It appears that during this period the plaintiff was not living at the above address but that he had moved from one place to another on several occasions, that he was married and remarried during this period to three different ladies and that a portion of the time he resided in Hous-

ton, Texas. The evidence indicates he had an address at six different places. It does not appear that any of such addresses were furnished to the Government in any official communication.

"It does appear from the tax returns filed in 1943 to 1946, inclusive, that he had a business address of 2518 Main Street, Dallas. The taxpayer claims and insists that the Government should have addressed his notice to this business address, but the Government directs attention to the fact that the last of these tax returns was filed in 1946 whereas in 1947 and four times in 1948 the plaintiff was addressed letters or wrote letters from the Lakewood address of 6655. The Government particularly points out a letter from him dated January 29, 1948 in the nature of a protest from the taxpayer prepared by an accountant but over the taxpayer's signature which gave his address as 6655 Lakewood and this the Government claims to be his last known address so far as their records show.

"The evidence further shows that this Lakewood address was the address of the plaintiff's father during this period of time and since the plaintiff was changing his address on several occasions it may be readily assumed that he intended to treat his father's address as his permanent address. Regardless, however, of his intention the issue would turn, according to the statute, on the last known address given to the Government."

Much of the discussion in the brief of appellant and much of his oral argument was directed to the proposition that although letters over the taxpayer's signature dated January 29, 1948, and May 17, 1948, carried the 6655 Lakewood Boulevard address, this was done by the taxpayer only as an effort to identify him as the person mentioned in the government's communications which had used this address. This fact, says appellant,

prevents the court from making any inference that he either ratified, approved, or even had personal knowledge that the Commissioner considered this as his last known address.

By a careful examination of the documents referred to above, we find additional eloquent proof that the Commissioner used the correct address. While it is true that his response of January 29, 1948, to the 30-day letter of January 2, 1948, used in the caption: "Re: R. P. Bergfeld, 6655 Lakewood Blvd.," thus adopting the address used by the Commissioner in the 30-day letter we find that a second letter dated January 29, 1948, touching on the deficiency of appellant and his earlier wife, Winona, expresses this matter differently. In response to a 30-day letter addressed to "R. P. Bergfeld and Wife, 6655 Lakewood Boulevard," Bergfeld's reply used the following designation: "Re: R. P. Bergfeld & Wife, Winona, Husband 6655 Lakewood Blvd., Wife 3524 Gillespie Street." Thus, it is perfectly apparent that the designation of Bergfeld's address at 6655 Lakewood Boulevard, and his former wife's address at Gillespie Street, were the addresses chosen by appellant.

Moreover, there is in evidence a further document which so obviously cuts the ground from under appellant's contention that it would probably *require* a finding by the trial court in favor of the director of Internal Revenue. This document is the petition filed in the Tax Court of the United States, which was subsequently dismissed because it was not filed within 90 days of the mailing of the 90-day letter. In paragraph 1 of the petition appellant alleged under oath: "Rudolph P. Bergfeld, petitioner, resides at 6655 Lakewood Boulevard, Dallas, Texas." This document was apparently not drawn to the attention of the trial court. It was prepared by counsel other than counsel appearing on behalf of the appellant in the pending litigation, which fact doubtless explains counsel's failure to mention it in oral argument or in either appellant's brief or reply brief. Thus, it appears that in response to the

90-day letter, addressed to him at 6655 Lakewood Blvd., Bergfeld filed his petition in the Tax Court (although belatedly) asserting that 6655 Lakewood Blvd. was his residence, and he now claims that this address did not satisfy the statutory requirements of "last known address." Such a claim, if made with knowledge of all the facts above set out, would border on the frivolous.

We think it is obvious that the Commissioner addressed the 90-day letter to the taxpayer's last known address. The several uses by the taxpayer of this address, in letters signed by him, coupled with his sworn petition before the Tax Court clearly warranted, if it did not require, a judgment in favor of the defendant.

The judgment is affirmed.