Roy W. DeWELLES, Appellant,

v.

UNITED STATES of America et al.,
Appellees.

No. 21071.

United States Court of Appeals
Ninth Circuit.

April 17, 1967.

Robert H. Wyshak, Wyshak & Wyshak, Los Ángeles, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Mark S. Rothman, Attys., Washington, D. C., Tax Div., Dept. of Justice, for appellees.

Before JONES, Senior Judge, United States Court of Claims *, and BARNES and JERTBERG, Circuit Judges.

JONES, Senior Judge.

This is an appeal from the judgment of the United States District Court for the Southern District of California, Central Division (now the Central District), dismissing appellant taxpayer's suit to enjoin a deficiency assessment of federal income taxes for the years 1957 and 1958.

Jurisdiction was conferred on the district court by 28 U.S.C. § 1340 and 26 U.S.C. §§ 6213 and 7421(a). Jurisdiction is conferred on this court by 28 U.S.C. § 1291.

The question presented by this appeal is a simple one: did the Government meet the requirements of Internal Revenue Code of 1954, § 6212, in sending a notice of deficiency, commonly called a 90-day letter, to taxpayer. Taxpayer asserts that the notice was not sent to his last known address, as the section requires, and, in the alternative, that even if it were, it was not received in time for him to avail himself of his procedural rights. He argues, therefore, that the Government may not proceed to collect the deficiency. However, we agree with the district court that the Government acted in compliance with the section and we therefore affirm.

Section 6212 provides in part:

§ 6212. Notice of Deficiency.

(a) In general.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for notice of deficiency.—

(1) Income and gift taxes.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A or chapter 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter * * *.

Once the notice has been properly sent, Internal Revenue Code, § 6213, then affords the taxpayer certain procedural rights:

§ 6213. Restriction applicable to deficiencies; petition to Tax Court.

(a) Time for filing petition and restriction on assessment.—Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun or prosecuted until such notice has been mailed to taxpayer, nor until the expiration of such 90-day * * * period * * *.

■■ The purpose of these sections is to give the taxpayer an opportunity to challenge in the Tax Court an alleged deficiency before he has to pay it. The alternative procedure available to a taxpayer is to pay the assessment in full and then sue for a refund in the United States Court of Claims or in a federal district court. Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), rehearing, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). In Flora the Supreme Court recognized that the procedures available to the taxpayer by petition to the Tax Court alleviated

* Sitting by designation of the Chief Justice.

the burden which would result if the taxpayer had no method to challenge before payment. 362 U.S. at 158, 175, and 192, 80 S.Ct. at 637, 645 and 655 (dissenting opinion).

The obligations under §§ 6212 and 6213 are mutual. The Secretary's delegate must mail the notice of deficiency to the taxpayer's last known address; if he does not, the 90-day period does not run, and the Tax Court will not have jurisdiction to determine the assessment. J. W. Heaberlin, 34 T.C. 58 (1960). If, however, the notice is properly sent, the taxpayer is bound to petition the Tax Court within 90 days, and even a showing that he did not receive the notice at the last known address will not excuse the taxpayer. Luhring v. Glotzbach, 304 F.2d 556 (4th Cir. 1962). If the taxpayer does not act in time no court may entertain his suit to restrain the assessment. 26 U.S.C. § 7421(a).

The pertinent facts in this case are as follows: during 1959 and 1960 taxpayer filed his federal income tax returns for the years 1957 through 1959, including an amended return for 1959. On all but one of these he showed as his address: P. O. Box 157, Encino, California; on the first of his 1959 returns he showed as his address: 2177 Live Oak Drive, Los Angeles, California.

During 1962 taxpayer's file was undergoing review by the Internal Revenue Service (IRS). On April 25, 1962, taxpayer met with IRS agent Kosman to discuss taxpayer's 1957 and 1958 returns. Kosman testified before the district court that at that meeting taxpayer said he lived at 2177 Live Oak Drive, Los Angeles. Transcript, pp. 92 and 93. On June 28, 1962, Kosman sent a letter to taxpayer at Live Oak Drive, requesting extension of the statute of limitations for review of the 1957 and 1958 returns. Taxpayer received the letter within a day or two. Transcript, pp. 48–50. On August 13, 1962, Kosman sent another request for extensions to taxpayer at 2177 Live Oak Drive, Los Angeles.

There is no evidence that taxpayer received this letter, but on the other hand, it was not returned to the IRS by the postal authorities.

On August 18, 1962, taxpayer moved from 2177 Live Oak Drive, Los Angeles, California, to Mississippi. Taxpayer testified that at a meeting with Kosman on August 17, 1962, he told him of the move. Transcript, pp. 15 and 16. But Kosman testified that he remembered no such statement. Transcript, p. 97. Under the rule enunciated by this court in Cohen v. United States, 297 F.2d 760, 773 (9th Cir.), cert. denied, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962),[1] verbal notification would have been sufficient to put the Government on notice and to require it to use the new address in sending the notice of deficiency.

However, we do not reach the *Cohen* rule on this point because the district court specifically chose not to believe that taxpayer so informed Kosman. There is no reason not to accept the district court's evaluation of taxpayer's credibility. The rule is established that an appellate court will assume that the lower court correctly measured credibility. 5 C.J.S. Appeal and Error § 1558. Here, the district court had a full opportunity to observe both taxpayer and Kosman, and it was on the basis of this observation that he chose to reject the testimony of the former and accept that of the latter. This finding should not be disturbed.

On August 29, 1962, the IRS mailed a notice of deficiency to taxpayer at 2177 Live Oak Drive, Los Angeles. At the time of the mailing IRS had been informed that taxpayer resided at that address, had sent one piece of official correspondence to Live Oak Drive which taxpayer received, and had sent another to 2177 Live Oak Drive which it had no reason to think had not been received. At the time of the mailing the IRS had not been informed that taxpayer had moved to Mississippi. The 90-day period provided for by § 6213 expired on No-

---

1. The decision in *Cohen v. United States* was handed down on January 12, 1962.

vember 27, 1962, and by that date no petition in the Tax Court had been filed by taxpayer. Despite the fact that taxpayer had moved from 2177 Live Oak Drive, he testified to receiving the notice on November 22 or 23, 1962. Transcript, p. 20. Subsequent to November 27, 1962, the Government began proceedings to collect the deficiency, and taxpayer thereupon brought this suit for an injunction to prevent it.

■ It is clear that the district court was correct in dismissing taxpayer's complaint and permitting the Government to proceed to collect the deficiency. Taxpayer argues that the notice of deficiency was not sent to the last known address. Taxpayer maintains that the Government should be required, as a matter of law, to use the address shown on the most recently filed tax return, here the amended 1959 return, which indicated P. O. Box 157, Encino, California. This approach disregards the fact that after this return was received by IRS, taxpayer told agent Kosman that his address was 2177 Live Oak Drive, Los Angeles, California. The district court found this specifically, Record, p. 194, and under the rule in *Cohen, supra*, the Government was required to note this address and use it for the notice of deficiency. This the Government did.

Taxpayer also argues that if P. O. Box 157, Encino, California, was not his last known address, then an address in Mississippi was. But, as noted, the IRS was not notified of the change before the notice was sent.

■ Lastly, taxpayer maintains that receipt of the 90-day letter on November 22 or 23, 1962, was not sufficient to allow him to file a petition in the Tax Court before the November 27 deadline, thus depriving him of his right to determine the validity of the assessment be-before payment. The district court found that the 4 or 5-day period was indeed adequate time, and that in any case there was good ground for believing that taxpayer received the notice at a much earlier date. Record, p. 195. However, under the rule in Luhring v. Glotz-

bach, *supra*, it is not necessary to reach this question because once the notice is sent to a taxpayer's last known address, as it was here, receipt by the taxpayer is not necessary to give effect to the 90-day period.

The decision of the district court dismissing appellant's suit is affirmed.