WILLIAM G. and ELIZABETH N. FOSTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foster v. Commissioner
Docket No. 5122-81.
United States Tax Court
T.C. Memo 1982-115; 1982 Tax Ct. Memo LEXIS 636; 43 T.C.M. (CCH) 731; T.C.M. (RIA) 82115; March 8, 1982. *636 By statutory notice dated September 25, 1979, respondent determined a $ 4,066.72 deficiency and a $ 1,016.68 addition to tax for the 1975 taxable year. The notice, sent to petitioners by certified mail, went unclaimed for 10 days and thereupon was returned to respondent. On March 16, 1981, petitioners filed a petition for redetermination. Held, contrary to petitioners' contention, respondent properly mailed the statutory notice to petitioners' "last known address" for purposes of section 6212(b)(1), I.R.C. 1954. Accordingly, respondent's motion to dismiss for lack of jurisdiction is granted. Thomas A. Andrews, for the petitioners. David D. Dahl, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is presently before the Court on both respondent's and petitioners' Motions to Dismiss for Lack of Jurisdiction filed pursuant to Rule 53, Tax Court Rules of Practice and Procedure. The sole issue for decision is whether respondent mailed the deficiency notice herein to petitioners at their "last known address" as that phrase is used in section 6212 (b) (1), I.R.C. 1954. Petitioners William G. Foster and his wife, Elizabeth N. Foster, are residents of Bay Village, *637 Ohio. They filed a joint Federal income tax return for the taxable year 1975 with the Internal Revenue Service Center at Cincinnati, Ohio. On their 1975 Federal income tax return, petitioners took a deduction in the amount of $ 17,871 for a casualty loss resulting from storm damage to certain trees on their property. Thereafter, respondent conducted an audit of petitioners' tax return for that year and proposed to disallow the casualty loss deduction. During 1979, Robert W. Coles, Jr. was an appeals officer at the Cleveland Internal Revenue Service Office. On January 24, 1979, Mr. Coles sent a letter to petitioners scheduling a conference with them on February 23, 1979. The letter advised petitioners that an attorney, certified public accountant, or person enrolled to practice before the Internal Revenue Service could represent them in the matter upon submission by them of a Form 2848, Power of Attorney. On February 23, 1979, Mr. Coles met with petitioners' attorney, Mr. Thomas A. Andrews. Diring the conference, Mr. Andrews submitted to Mr. Coles the Form 2848, wherein petitioners designated Mr. Andrews as their representative under the power of attorney. The address of petitioners *638 at the top of the Form 2848 was listed as 29920 Lake Road, Cleveland, Ohio. Mr. Coles never spoke with petitioners in person. His sole contact with them was through Mr. Andrews. His last correspondence with Mr. Andrews was by letter received on April 26, 1979. By statutory notice dated September 25, 1979, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1975 in the amount of $ 4,066.72. Respondent also determined an addition to tax pursuant to section 6651(a) in the amount of $ 1,016.68. The statutory notice was sent by certified mail to the Fosters' address on Lake Road in Cleveland, Ohio. The letter carrier, apparently finding no one at home, left a claim check at petitioners' address on October 1, 1979. The notice went unclaimed for 10 days and thereupon was returned to respondent. As of the date that the notice was mailed, Mr. Coles had not been informed in any manner that the mailing address of either Mr. or Mrs. Foster had been changed. His usual procedure was to note any change of address in the taxpayer's file. Here, no such notation had been made. On March 16, 1981, petitioners filed a petition in this Court for redetermination *639 of the deficiency and addition to tax determined by respondent in the notice of deficiency dated September 25, 1979. On May 8, 1981, respondent moved to dismiss the case for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502. Thereafter, petitioners filed a brief in opposition to the respondent's motion to dismiss and upon consideration of the brief, this Court ordered that respondent's motion to dismiss be set for hearing on July 8, 1981. On May 26, 1981, petitioners filed a motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency which was sent to petitioners was not mailed to their last known address as is required by section 6212(a). The case was continued and eventually heard on October 26, 1981. In order for a taxpayer to be entitled to litigate in this Court, a petition for redetermination must be filed by that taxpayer within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the proper mailing by the Commissioner of the notice of deficiency. Sec. 6213(a). Failure to so file will result in the dismissal of the case since *640 timely filing is a prerequisite to the jurisdiction of this Court. Shipley v. Commissioner,572 F.2d 212, 213 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; Minuto v. Commissioner,66 T.C. 616, 618 (1976); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). There is no question in this case that the petition was filed more than 90 days after the issuance of the notice of deficiency. The issue is whether the notice of deficiency was mailed properly so as to trigger the running of the 90-day period. Section 6213(a) provides that the period within which the petition must be filed begins to run upon the mailing by the Secretary of the notice of deficiency authorized by section 6212. Section 6212 (b) (1) requires that such notice be mailed to the taxpayer's "last known address." For purposes of section 6212 (b) (1), a taxpayer's last known address is that person's "last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner, 78 T.C.     (Feb. 8, 1982), slip op. at 7. In short, *641 the statute requires the Commissioner to mail the notice of deficiency to the place where he reasonably believes, based on all the facts and circumstances, the taxpayer wishes it to be sent. Brown v. Commissioner,supra; Weinroth v. Commissioner,74 T.C. 430, 435 (1980). When a joint income tax return is filed, the notice of deficiency may be a single joint notice unless the Secretary has been notified by either spouse that separate residences have been established. Sec. 6212 (b) (2). It is clear that the Commissioner's determination of a taxpayer's last known address can be based upon the documents submitted to him by the taxpayer. Brown v. Commissioner,supra; see Stewart v. Commissioner,55 T.C. 238, 241 (1970). Here, the last address of petitioners made known to respondent was by way of the Form 2848. This is the address to which the notice of deficiency was mailed and, interestingly enough, the same address that was given as the legal residences of both petitioners on their petition filed over a year later. In order to effect a change of his last known address, the taxpayer must provide the Commissioner with "clear and concise notification of the new address" and, in the *642 absence of such notification, the Commissioner has no affirmative duty to correct his reasonable belief with respect to the last known address. Weinroth v. Commissioner,supra at 435; McCormick v. Commissioner,55 T.C. 138, 141-142 (1970). Here, respondent reasonably mailed the statutory notice to the address set out on the last document made available to him by petitioners. There is absolutely no evidence in the record that petitioners or their attorney ever informed respondent of any subsequent change in their address (or even that the notice of deficiency was sent to an address other than one where petitioner resided and continued to reside up until the date of filing their petition. [1] The fact that petitioners' stated address both before (on the Form 2848) and after (on the petition) the mailing of the notice of deficiency was the same is strong proof that the notice was not only sent to petitioners' "last known address" for purposes of section 6212 (b) (1), but also that it was mailed to petitioners' actual address. No evidence has been presented by petitioners to the contrary. The fact that the notice was not actually received by petitioners is immaterial, there being no *643 statutory requirement of actual receipt. Houghton v. Commissioner,48 T.C. 656, 660 (1967). Petitioners' motion is based on the argument that the notice of deficiency is ineffective since a copy of it was not mailed to their attorney pursuant to the directive *644 contained in the Form 2848. [2] This argument has failed numerous times in the past. Sending copies of notices and other written correspondence to a taxpayer's attorney pursuant to the provision in the Form 2848 has never been elevated to the status of a jurisdictional requirement but rather is a "matter of courtesy" extended by respondent to the taxpayer. Houghton v. Commissioner,supra at 661. In section 6212(b) Congress set out the requirements for the proper mailing of a notice of deficiency. The jurisdictional prerequisites contained therein cannot be supplemented or amended by the Form 2848. McDonald v. Commissioner,76 T.C. 750, 754 (1981); Houghton v. Commissioner,supra at 661; Allen v. Commissioner,29 T.C. 113, 117 (1957). [3]
The facts in this case are distinguishable from those in Johnson v. Commissioner,611 F.2d 1015 (5th Cir. 1980), *645 revg. and remanding a Memorandum Opinion of this Court, wherein the Fifth Circuit held that the Commissioner had not used reasonable diligence to ascertain which of two alternative possible addresses was the proper mailing address of the taxpayers there involved. As in our case, the last document submitted by the taxpayers to respondent was a power of attorney. However, in Johnson, the power of attorney, which substituted a new taxpayer address, was misplaced by respondent's agents, and the notice was mailed to the superseded address. This error was compounded by the fact that the taxpayer orally notified respondent of his change in address. Furthermore, the fact that some of respondent's agents were at that time conducting a criminal tax investigation at the taxpayer's new address was found to be sufficient to put respondent on notice of the taxpayer's new address. In view of these facts, the Fifth Circuit held that respondent was not sufficiently diligent in ascertaining the proper address for mailing the notice of deficiency. The court was very careful in Johnson to limit the case to its facts. It stated: We wish to emphasize that our holding is narrowly limited to the peculiar *646 facts and circumstances of this case and is not meant as authority for requiring the Commissioner to adopt new procedures for sending statutory notices of deficiency. [611 F.2d at 1021.] Unlike in Johnson, the power of attorney herein did not substitute a new taxpayer address. Moreover, the notice was mailed to the address listed on the power of attorney. Finally, there was no collateral tax investigation that reasonably should have put respondent on notice that petitioners had assumed a new address. Based on these factual divergences, we believe that Johnson is easily distinguishable from the instant case. We hold that the notice of deficiency properly was mailed to petitioners' last known address as required by section 6212 (b) (1). Because the petition herein was not filed until long after the termination of the 90-day filing period prescribed by section 6213(a), petitioners have acted too late to invoke the jurisdiction of this Court. [4] *647 To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. On brief, petitioners argued that respondent had been orally notified that petitioners had obtained a divorce and that the wife lived at a residence separate from her husband. No evidence was submitted into the record to support this statement for neither of petitioners nor their attorney testified. However, Mr. Coles, the IRS appeals officer in Cleveland, credibly testified that he had never spoken with petitioners and that petitioners' attorney had never told him of an address change or a divorce. This directly refutes any statement that notice had been given to him by petitioners of a new address. Without a scintilla of evidence to support petitioners' claim that they notified respondent of a new address, we cannot give any merit to this argument, raised for the first time on brief. DeWelles v. Commissioner,378 F.2d 37, 39 (9th Cir. 1967), cert. denied 389 U.S. 996 (1967); Houghton v. Commissioner,48 T.C. 656, 661↩ (1967).
2. Again, there was no testimony at trial to the effect that a copy of the notice of deficiency was not sent to petitioners' attorney. Mr. Coles stated that it was normal procedure for such a copy to be sent when a power of attorney is in the taxpayer's file, but he did not know whether one had been sent to Mr. Andrews. ↩
3. See also Simpson v. Commissioner,T.C. Memo. 1982-13↩.
4. This decision does not have the effect of depriving petitioners of their right to contest respondent's determination, for they can bring a refund suit in District Court or the Court of Claims; it simply denies them the privilege of contesting the determination in the Tax Court. See McCormick v. Commissioner,55 T.C. 138, 142 (1970); Houghton v. Commissioner,48 T.C. 656, 662-663↩ (1967).