**VIBRO MFG. CO., Inc., Petitioner,**
v.
**COMMISSIONER OF INTERNAL REVENUE, Respondent.**
No. 130, Docket 27747.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1963.

Decided Jan. 9, 1963.

Charles E. Wetzler, President, Vibro Mfg. Co., Inc., Woodside, N. Y., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Robert N. Anderson, and Alan D. Pekelner, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CLARK, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

■ The Commissioner mailed to the petitioner a notice of deficiency in federal income tax for the calendar year 1958 by certified mail on May 29, 1961. The notice stated that the taxpayer might file a petition for a redetermination of the deficiency within ninety days. On September 8, 1961, 102 days after the mailing of the notice, the taxpayer mailed his petition for redetermination, which was filed with the Tax Court three days later. Since the failure to file a petition within ninety days from the mailing of the notice of deficiency, 26 U.S.C. § 6213 (a), is a jurisdictional defect, Pfeffer v. Commissioner, 272 F.2d 383 (2d Cir. 1959), the Tax Court dismissed the petition after notice was given to the petitioner by the Commissioner and an opportunity given to file an affidavit in opposition.

■ The decision of the Tax Court was entered on November 27, 1961. The petition for review of that decision was filed in the Tax Court on July 11, 1962, more than seven months thereafter. In so doing, the petitioner failed to comply with 26 U.S.C. § 7483, which requires this filing to be completed within three months after the decision of the Tax Court is rendered. The taxpayer attempts to excuse its noncompliance by a claim of delinquent mails. Nonetheless, the statutory restriction is absolute, and untimely filing of the petition for review deprives this Court of jurisdiction to entertain the petition. See Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), aff'd per curiam, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957); Commissioner v. Realty Operators, Inc., 118 F.2d 286 (5th Cir. 1941).

Even were we to hold that delayed receipt of notice of the Tax Court's decision excused the taxpayer's untimely filing of its petition for review, we would be constrained to affirm the decision of the Tax Court. Section 6213(a) clearly provides that the petition for redetermination of tax deficiency must be filed within 90 days of the date of mailing of the notice of deficiency. Petitioner's failure to comply is again explained by delinquent mails; it argues that the Commissioner's notice of deficiency was not received until June 9, 1961. Even if the date of receipt of the notice rather than the date of its mailing were the operative date to commence the running of the ninety-day period, taxpayer's petition was nonetheless untimely. The Tax Court's dismissal for lack of jurisdiction was therefore appropriate.

Petition for review dismissed.