*Decisions will be entered under Rule 50.*

ANGELO VITALE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 821–72. Filed November 13, 1972.

*C. John Forge*, for the petitioner.
*James T. Finlen*, for the respondent.

#### OPINION

TIETJENS, *Judge:* The matter before us is the Commissioner's motion to dismiss on the ground that petitioner failed to file a timely petition with this Court. Evidence was taken at a hearing on the motion held in Kansas City, Mo., on June 6, 1972. The Commissioner determined deficiencies for 1967 and 1968 in the income tax liability of Angelo Vitale, a resident of Kansas City, Mo., in the amounts of

$463.73 and $11,576.75, respectively; substantial additions to the tax under sections 6651(a) and 6653(a), I.R.C. 1954,[1] for failure to file a timely return and for negligence or intentional disregard of the rules and regulations respectively were also determined. Since petitioner is a U.S. resident we have no jurisdiction to redetermine these deficiencies if petitioner did not file the petition which we have received within 90 days of the mailing of the statutory notice of deficiency. Sec. 6213(a); *Vibro Mfg. Co.* v. *Commissioner*, 312 F. 2d 253 (C.A. 2, 1963); *Estate of Frank Everest Moffat*, 46 T.C. 499 (1966).

We conclude that the petition was filed later than 90 days after the mailing of the statutory notice. It is unlikely that there would have been much doubt about this except for the fact that the postmark on the envelope in which the petition was mailed is not legible.

The petition was received by this Court more than 90 days after October 27, 1971, which is the date we determine below to be the date the statutory notice was mailed. This is not necessarily fatal to petitioner. Sec. 7502(a)(1). Petitioner might have protected himself by using certified mail, or by using registered mail and observing section 301.7502–1(c)(2), Proced. & Admin. Regs. Petitioner's lawyer, counsel in this proceeding, did not send the document by certified mail, and although he did send it by registered mail, the sender's receipt was not postmarked by the U.S. postal employee to whom the document was presented. Therefore the postmark date on the envelope would have to be deemed by us the filing date, regardless of the actual mailing date, sec. 301.7502–1(a) and (c)(1), Proced. & Admin. Regs.; *Nathaniel A. Denman*, 35 T.C. 1140 (1961); and where the postmark is illegible the sender has the burden of proving that the petition was timely postmarked. Sec. 301.7502–1(c)(iii)(a), Proced. & Admin. Regs.; *Alexander Molosh*, 45 T.C. 320 (1965), and the cases therein cited.

Counsel for petitioner testified that he personally delivered the petition to the post office on January 24, 1972, the date 89 days after October 27, 1971 (the former date did not fall on a Saturday, Sunday, or legal holiday in the District of Columbia). However the petition was verified on January 25. Counsel also stated on cross-examination that he recalled that it was Tuesday that he mailed the petition; January 25, 1972, fell upon a Tuesday. That the petition was mailed January 25 comports with the fact that counsel did not have a copy of the statutory notice until Monday, January 24. In view of all this we are inclined to agree with the Commissioner that

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.

counsel was not sure of the date he mailed the document. Since it was received in Washington on January 28, it is not impossible that it was mailed January 25. Even if counsel did in fact mail the petition on January 24, the envelope might still have been postmarked on a later date. We hold that petitioner has not sustained his burden of proving that the petition was postmarked on or before January 24.

Petitioner is thus thrown back on his weaker factual contention that the statutory notice was mailed *later* than October 27, 1971, the date which is 90 days previous to January 25, 1972. The Commissioner clearly established that the standardized procedures of the St. Louis Review Staff for mailing and logging notices of deficiency were followed in petitioner's case. Compare *Nash* v. *U.S.*,     F. Supp.     (D. Neb. 1972). The Commissioner put in evidence a copy of a certified mail sheet listing the name and address of petitioner and 19 other taxpayers to whom notices were mailed and bearing the round stamped legend "Oct 27 1971 Central Sta–St. Louis, Mo." that was placed on the sheet by the U.S. postal employee to whom the notices were delivered. We think the petitioner's statutory notice was mailed on October 27, 1971.

*An appropriate order will be entered.*