C. FREDERICK BRAVE, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2491-75.    Filed February 18, 1976.

*Charles B. Johnson,* for the petitioner.
*Robert E. Glanville,* for the respondent.

OPINION

SIMPSON, *Judge:* On April 28, 1975, the Commissioner made a timely motion to dismiss this case for lack of jurisdiction on the ground that the petition herein was not filed within the statutory 90-day period. See secs. 6213 and 7502, I.R.C. 1954;[1] Rules 13(b) and 40, Tax Court Rules of Practice and Procedure.[2] The petitioner timely filed written objections to such motion, and a hearing was held on the motion.

On December 13, 1974, the notice of deficiency in this case was dated and sent by certified mail to the petitioner at its last known address. The statutory period provided in section 6213(a) during which the petitioner could timely file a petition with this Court expired on Thursday, March 13, 1975, which was not a legal holiday in the District of Columbia. The petitioner's attorney sent a petition by certified mail in an envelope addressed to the Clerk, United States District Court, Washington, D.C. The

---

[1] All statutory references are to the Internal Revenue Code of 1954.
[2] All references to rules are to the Rules of Practice and Procedure of the United States Tax Court.

certified mail receipt indicates that the U.S. District Court received the petition on March 10, 1975, but the receipt does not show the date of mailing.

The Clerk of the U.S. District Court returned the petition to the petitioner's attorney, who mailed the petition again, this time addressed to the Clerk, United States Tax Court, Washington, D.C. The envelope in which the petition was then mailed bore a postmark date of March 17, 1975, made by a postal meter. The petition was received by this Court on March 19, 1975. Both those dates are beyond the statutory 90-day period.

The issue raised by the Commissioner's motion to dismiss is whether the petitioner has filed a petition with this Court within the statutory 90-day period after the notice of deficiency was mailed. See sec. 6213(a). If the petition was not timely filed, we lack jurisdiction over the deficiencies determined in such notice, and we must dismiss the petition. *Fred Sylvan,* 65 T.C. 548 (1975); *Abbott Hoffman,* 63 T.C. 638, 640 (1975); *Angelo Vitale,* 59 T.C. 246, 247 (1972); *Estate of Frank Everest Moffat,* 46 T.C. 499, 501 (1966).

The petitioner argues that the petition sent to the Clerk, U.S. District Court, Washington, D.C., and received by such court prior to the expiration of the statutory period constitutes a filing of the petition sufficient to confer jurisdiction on this Court. The petitioner bases this conclusion on the fact that the constitutional authorization for the U. S. Tax Court is found in article I of the U. S. Constitution, and the petitioner claims that the U. S. District Court in Washington, D. C., during 1975, was also constitutionally authorized, at least in part, by article I of the Constitution. *O'Donoghue v. United States,* 289 U.S. 516, 545-546 (1933), and *Hobson v. Hansen,* 265 F. Supp. 902 (D. D.C. 1967), are cited for this latter proposition. Because of this claimed similarity in the constitutional authority for the jurisdiction of such courts, the petitioner reasons that a petition addressed and filed with the U. S. District Court for the District of Columbia should be considered as if addressed and filed with the U. S. Tax Court. The petitioner recognizes that the subsequent mailing of the petition addressed to the U. S. Tax Court was untimely and does not rely upon that mailing to confer jurisdiction on this Court.

Section 111 of the District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 475-476 (1970),

eliminates the article I jurisdiction of the U. S. District Court for the District of Columbia over a period of time, so that beginning after August 1, 1973, no case can be commenced in such court unless there is article III basis therefor. However, we do not decide this case on whether or not during March of 1975 the U. S. District Court for the District of Columbia had any article I jurisdiction. Rather, we reject the petitioner's position because of our conclusion that a petition addressed and filed with the U. S. District Court in Washington, D. C., does not constitute a filing with this Court, regardless of the constitutional basis for the jurisdiction of either court. Therefore, we must grant the Commissioner's motion to dismiss the petition herein.

Section 6213(a) provides that within 90 days after a notice of deficiency has been mailed to a person in the United States, "the taxpayer may file a petition *with the Tax Court* for a redetermination of the deficiency." (Emphasis supplied.) Rule 22 provides in part that any pleadings or other papers to be filed with the Court must be filed with the Clerk in Washington, D. C., "except as otherwise directed by the Court." Rule 3(b) provides that a reference to Clerk in these rules means the Clerk of the U. S. Tax Court.

Although the Court may provide that documents to be filed with this Court may be filed with someone other than the Clerk, this Court has never provided that a petition could be filed with the Clerk of the U. S. District Court or with the clerk of any other court, and Rule 22 clearly contemplates that such documents would have to be filed with an official or employee of this Court whose conduct would be under the supervision and direction of this Court. If the document is handed to a person who is not under the control or direction of the Court, the Court does not acquire possession of it, and there is no way for it to be properly docketed, processed, and served by the Court. Consequently, delivery of a petition to the clerk of any other court does not constitute the filing of such petition with this Court. When the original petition was received by the U. S. District Court in Washington, D. C., prior to the expiration of the statutory period, it was not filed with this Court. Cf. *Abbott Hoffman,* 63 T.C. at 641; *Baker L. Axe,* 58 T.C. 256, 259 (1972).

Section 7502, in certain circumstances, treats the postmark date stamped on the envelope or other cover in which a petition to this Court is mailed as the filing date, but that provision is of

no help to the petitioner because such section specifically provides that it is applicable only if the petition is "properly addressed." Sec. 7502(a)(2)(B). Many cases have held on similar factual situations that section 7502 was inapplicable because the petitions therein were improperly addressed to the U. S. Tax Court. *Abbott Hoffman,* 63 T.C. at 641-642; *Baker L. Axe,* 58 T.C. at 259; *Earl H. C. Lurkins,* 49 T.C. 452, 455 (1968).

*An appropriate order will be issued.*