JAMES L. ROSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rose v. Commissioner
Docket No. 9086-76.
United States Tax Court
T.C. Memo 1977-285; 1977 Tax Ct. Memo LEXIS 158; 36 T.C.M. (CCH) 1134; T.C.M. (RIA) 770285; August 23, 1977, Filed *158 Respondent mailed a notice of deficiency to the address given by petitioner as his current address. Respondent also exercised reasonable diligence in attempting to locate petitioner. Petitioner did not notify respondent of a change in address. Held, respondent properly mailed the notice of deficiency to petitioner's last known address. Held further, the petition herein, mailed 185 days after the notice of deficiency, was not timely filed. Respondent's motion to dismiss for lack of jurisdiction is granted. F. Pen Cosby, for the petitioner. Richard E. Trogolo, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. *160 The question involved is whether respondent mailed the notice of deficiency herein to petitioner's "last known address" as that phrase is used in section 6212(b)(1). [1] If so, the petition herein was not timely filed and respondent's motion must be granted. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. On February 6, 1976, petitioner, James L. Rose, was arrested by the Indianapolis Airport Police Department while attempting to board a flight for Tucson, Arizona. At the time of his arrest, petitioner had approximately $21,600 cash, three receipts for jewelry, and three pieces of identification in his possession. One piece of identification, an Arizona driver's license was issued to James Lee Rose, had a photograph of petitioner, and gave his address as 6941 East New Hampshire Drive, Tucson, Arizona 85711. The second piece of identification, an Ohio driver's license was issued to James Alton Deward, and the third piece of identification, a military I.D. card, was issued to Eddie L. Smith. One of the jewelry *161 receipts bore the name James Rose, but no address was given. The other two jewelry receipts bore the name Jerry Allen and gave the address 6941 New Hampshire Drive, Tucson, Arizona. While in custody, petitioner told police detective Francis A. Kanney that the Arizona driver's license bore his correct name and current address. He also stated that his wife and two children lived with him at the Tucson, Arizona, address. In addition, petitioner informed Kanney that petitioner's parents lived at 1928 North Holmes, Indianapolis, Indiana, and that petitioner owned a cheese and party supply shop in Fortville, Indiana. Petitioner was subsequently released from jail on a $2,500 property bond. Although one provision of petitioner's release from jail was that he must remain in the Southern District of the State of Indiana, petitioner was subsequently arrested in June 1976, as he deplaned in Indianapolis, Indiana, from a flight arriving from Tucson, Arizona. Because petitioner had a large amount of money in his possession when first arrested, Kanney, during the evening of February 6, 1976, met with Special Agent Robert Lot. Subsequently, Kanney gave the money to Revenue Officer Gene *162 Friedman. During his meetings with Lot and Friedman, Kanney gave them the information he obtained from petitioner. Specifically, he told Lot and Friedman that petitioner's address was 6941 East New Hampshire Drive, Tucson, Arizona. On February 10, 1976, petitioner's 1975 taxable year was terminated pursuant to the procedures of section 6851. Friedman mailed a notice of termination to petitioner at 6941 East New Hampshire Drive, Tucson, Arizona. On February 18, 1976, the termination notice was returned, marked "addressee unknown." Several attempts were made to locate petitioner. On February 12, 1976, Friedman went to 1928 North Holmes, Indianapolis, Indiana, the address given by petitioner as his father's residence. No one was at home, so Friedman left his calling card with his telephone number and address, and requested petitioner's father to contact him. Friedman received no response from this request. Also on February 12, 1976, Friedman went to an apartment complex in Indianapolis, Indiana, where officials from the Drug Enforcement Agency believed petitioner lived. The manager of the apartment complex had no record that petitioner had ever lived in the complex. On *163 February 23, 1976, Friedman telephoned Gil Berry, petitioner's lawyer, and requested petitioner's address. Berry told Friedman that petitioner was in Arizona, but declined to give Friedman a specific address. He did, however, inform Friedman that all correspondence to petitioner could be mailed to Berry's office.Since Friedman had no power of attorney from petitioner appointing Berry as counsel, Friedman was not authorized to mail any correspondence to Berry. On February 24, 1976, Friedman made a courtesy request of the Tucson, Arizona, office of Internal Revenue Service and asked that they try to locate petitioner in their area. On April 13, 1976, the Tucson office replied that they were unable to locate petitioner. On February 27, 1976, Friedman, using petitioner's social security number, discovered that an Indiana driver's license had been issued to a James L. Rose of 114 East Michigan Street, Fortville, Indiana. Friedman subsequently learned this was petitioner's father-in-law's address. On June 23, 1976, Friedman traveled to Fortville to speak with petitioner's father-in-law, but was unable to locate him. Following these initial attempts to locate petitioner, an Internal *164 Revenue Service agent, Kenneth L. Brown, mailed a notice of deficiency to petitioner on March 30, 1976. For petitioner's address, Brown used the same address to which the notice of termination had been sent, 6941 East New Hampshire Drive, Tucson, Arizona. He obtained this address from the termination assessment case file. Before sending the notice, however, Brown contacted the Internal Revenue Service Center in Ogden, Utah, to determine if petitioner had filed income tax returns for 1974 or 1975. No record of petitioner's 1974 or 1975 income tax returns was on file. In fact, petitioner had not filed an income tax return since 1971. The address on that return was 1928 North Holmes, Indianapolis, Indiana. The notice of deficiency, mailed by Brown on March 30, 1976, was returned by the post office undelivered, within a week or ten days. On June 8, 1976, Friedman learned through the Drug Enforcement Agency that petitioner's parents lived in Spencer, Indiana. On July 7, 1976, Friedman visited petitioner's father who said that petitioner was living on a farm in Spencer. Friedman left his calling card with petitioner's father and asked to have petitioner contact him. Subsequently, *165 on August 11, 1976, petitioner's counsel herein met with Friedman and gave Friedman a power of attorney executed by petitioner. OPINION The issue before us is whether respondent mailed a notice of deficiency to petitioner's "last known address." Section 6851(a)(1) [2] provides that under limited circumstances a taxpayer's taxable year may be terminated.Upon termination the tax is assessed and the taxpayer must be given a notice of termination, together with a demand for immediate payment of tax. Such taxes become immediately payable. After notice of termination, the Internal Revenue Service may levy on the taxpayer's property pursuant to section 6331(a). Within 60 days after the assessment, respondent must mail taxpayer a notice of deficiency that complies with the requirements of section 6212(a). Laing v. United States, 423 U.S. 161 (1976); sec. 6861(b). See also sec. 6851(b), as amended by sec. 1204(b)(1), Tax Reform Act of 1976, 90 Stat. 1695. Section 6212(a) states that if the Secretary or his delegate determines a deficiency in income taxes, he is authorized to send a notice of deficiency to the taxpayer.As here relevant, the appropriate address to *166 which the notice of deficiency must be mailed is the taxpayer's "last known address." Sec. 6212(b). If the notice of deficiency is properly mailed the taxpayer has 90 days, unless living outside the United States, within which to file a petition with the Tax Court for a redetermination of the deficiency. Sec. 6213(a). If, however, the notice of deficiency is not properly mailed to the taxpayer's last known address, "the 90-day period does not run, and the Tax Court will not have jurisdiction to determine the assessment." DeWelles v. United States, 378 F. 2d 37, 39 (9th Cir. 1967). *167 In the case before us, petitioner's taxable year was terminated pursuant to section 6851 on February 10, 1976, and respondent mailed a notice of termination to petitioner at 6941 East New Hampshire Drive, Tucson, Arizona (hereinafter the Tucson, Arizona, address). As required by Laing v. United States, supra, respondent, within 60 days after assessment, mailed a notice of deficiency to the Tucson, Arizona, address. The petition was mailed to this Court 185 days after the notice of deficiency was mailed to the Tucson, Arizona, address. Consequently, if the Tucson, Arizona, address was petitioner's "last known address," as required by section 6212(b), the petition herein was not timely filed within the period specified by section 6213(a), and therefore respondent's Motion to Dismiss for Lack of Jurisdiction must be granted. Petitioner contends the Tucson, Arizona, address was not his "last known address." Petitioner first argues that respondent did not make a diligent effort to determine petitioner's current, Spencer, Indiana, address. Second, petitioner contends that his case is controlled by Shelton v. Commissioner, 63 T.C. 193 (1974). *168 We disagree with both of petitioner's arguments. Initially, we note that, "Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address." Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. 538 F. 2d 334 (9th Cir. 1976). Petitioner at no time clearly and concisely notified the Internal Revenue Service of his correct address.Even though the burden of notification is on the taxpayer, the Commissioner is expected to exercise reasonable diligence in ascertaining the taxpayer's correct address. Alta Sierra Vista, Inc.,supra.The facts before us indicate that respondent did exercise such reasonable diligence. Initially, petitioner told detective Kanney that his current address was the Tucson, Arizona, address. Petitioner also told Kanney that his wife and children lived at this address. At the time of petitioner's arrest he had a current Arizona driver's license which bore his picture, and which gave the Tucson, Arizona, address. Similarly, in petitioner's possession at the time of his arrest were two receipts that bore the Tucson, Arizona, *169 address. When arrested, petitioner was attempting to board a plane with a destination of Tucson, Arizona.All of these facts, which Kanney gave to respondent's agents, suggest that petitioner's current address was the Tucson, Arizona, address. Respondent attempted to verify petitioner's current address through other efforts: on February 12, 1976, Friedman went to petitioner's father's address on North Holmes, Indianapolis, Indiana. This was the same address given on petitioner's 1971 income tax return, the last one he filed. No one was home, so Friedman left his calling card, with a request that petitioner's father contact him. Friedman received no response from this effort. Also, on February 12, 1976, Friedman visited an apartment complex where the Drug Enforcement Agency told Friedman that petitioner lived. Again, Friedman was unsuccessful in locating petitioner. After the notice of termination was returned stamped "addressee unknown," Friedman initiated an investigation in Tucson in an attempt to locate petitioner. Additionally, using petitioner's social security number, Friedman learned that an Indiana driver's license had been issued to a James L. Rose living in Fortville, *170 Indianna. Friedman checked this address, but was unsuccessful in locating anyone. On February 23, 1976, Friedman contacted Gil Berry, then petitioner's attorney. Berry refused to give Friedman petitioner's correct address, but indicated that petitioner was living in Arizona. It was not until July 1976, after learning from the Drug Enforcement Agency that petitioner's parents had a home in Spencer, Indiana, that Friedman was able to make any contact with petitioner's family. Friedman left his calling card with petitioner's father and asked that petitioner contact him. Finally, in August 1976, Friedman was contacted by petitioner's attorney herein who gave Friedman an appropriately executed power of attorney. Under these circumstances, we conclude respondent exercised reasonable diligence in attempting to locate petitioner's current address. Since petitioner at no time clearly and concisely notified the Internal Revenue Service of his proper address, and since the respondent exercised reasonable diligence in attempting to determine petitioner's current address, we conclude that respondent, in sending the notice of deficiency to the last address given by petitioner as his residence, *171 properly mailed the notice of deficiency to petitioner's last known address. Petitioner's second contention is that his case is controlled by Shelton v. Commissioner,63 T.C. 193 (1974). Contrary to petitioner's assertion, Shelton is clearly distinguishable.In Shelton, at 194, we noted that the notice of deficiency was not mailed to the last known address, since, "at the time the notice of deficiency was mailed, petitioners [had] advised agents of the Internal Revenue Service on several occasions prior thereto of changes in their addresses." At no time did petitioner herein similarly contact or advise respondent's agents of his correct address. We therefore find Shelton inapplicable to the facts before us. Respondent terminated petitioner's taxable year under section 6851(a).He was required within 60 days after assessment to send petitioner a notice of deficiency. Repondent made all reasonable efforts within the 60-day period to locate petitioner. In contrast, petitioner made no effort to contact respondent's agents. Respondent eventually mailed the notice of deficiency to the only address which petitioner had ever claimed as his correct address. *172 As we noted in McCormick v. Commissioner,55 T.C. 138, 141 (1970), "This Court and others have consistently held that a taxpayer, who asserts that a notice of deficiency has been mailed to him at the wrong address, must show that he filed a clear and concise notification concerning a definite change of address." Having failed to file such a clear and concise notification, we conclude that respondent properly mailed the notice of deficiency to petitioner's last known address. Accordingly, respondent's motion is granted. An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in question.↩
2. SEC. 6851.TERMINATION OF TAXABLE YEAR. (a) Income Tax In Jeopardy.-- (1) In general.--If the Secretary or his delegate finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect the income tax for the current or the preceding taxable year unless such proceedings be brought without delay, the Secretary or his delegate shall declare the taxable period for such taxpayer immediately terminated, and shall cause notice of such finding and declaration to be given the taxpayer, together with a demand for immediate payment of the tax for the taxable period so declared terminated and of the tax for the preceding taxable year or so much of such tax as is unpaid, whether or not the time otherwise allowed by law for filing return and paying the tax has expired; and such taxes shall thereupon become immediately due and payable. * * *↩