JULIUS M. BUMPASS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bumpass v. Commissioner
Docket No. 10544-80.
United States Tax Court
T.C. Memo 1981-103; 1981 Tax Ct. Memo LEXIS 638; 41 T.C.M. (CCH) 1052; T.C.M. (RIA) 81103; March 5, 1981. Nathaniel L. Belcher, for the petitioner. Paul Topolka, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rule 180, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts *639 the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This matter is before the Court on respondent's motion to dismiss this case for lack of jurisdiction. The issue before us is whether the petitioner had 150 days rather than 90 days within which to file his petition with this Court under section 6213(a). Petitioner resides at 105 Dunstan Street, Durham, North Carolina 27707. On March 21, 1980, the statutory notice of deficiency was mailed to him at that address by certified mail. The petition in this case was mailed by certified mail on June 20, 1980, the 91st day after the statutory notice of deficiency was mailed. The petition was filed on June 24, 1980, the 95th day after the statutory notice of deficiency was mailed. The 90-day period for timely filing a petition with this Court expired on Thursday, June 19, 1980, which date was not a legal holiday in the District of Columbia. Subsequently respondent moved to dismiss this case for lack of jurisdiction upon *640 the ground that the petition was not filed within the 90-day time limit prescribed by section 6213(a). Petitioner objects to dismissal contending that he has 150 days within which to file a petition under that section. Section 6213(a) requires all petitions to this Court to be filed within a definite period of time after the notice of deficiency has been mailed. It states in pertinent part that: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The filing of a petition within the prescribed period of time is a jurisdictional requirement. Vibro Mfg. Co. v. Commissioner,312 F.2d 253 (2d Cir. 1963); Estate of Moffat v. Commissioner,46 T.C. 499 (1966). An untimely petition must be dismissed. Denman v. Commissioner,35 T.C. 1140 (1961). Petitioner's Reply To Motion To Dismiss For Lack Of Jurisdiction alleges that petitioner *641 went to Canada during the first part of March 1980 and stayed until May 1980. At the hearing on the motion, petitioner admitted that this statement was not accurate. Petitioner testified that in March 1980 he traveled by car from Chicago, Illinois to a location just outside Montreal, Canada to visit an ailing uncle. Petitioner stated that he was in Canada on March 16, 1980 but did not stay overnight. He left Montreal on March 16th or 17th and returned to the United States on March 17, 1980. He stayed in Chicago with his aunt for approximately two weeks. Petitioner then returned to his home in Durham, North Carolina. Petitioner said he returned twice to Montreal, Canada in April and/or May for periods of about two days, first to visit his ill uncle and then to escort his uncle to a new home in Pittsburgh, Pennsylvania. This Court has given section 6213(a) a broad construction rather than a technical one. Where the statute is capable of two interpretations, we are inclined to adopt the one which will allow us to retain jurisdiction. Levy v. Commissioner, 76 T.C.     (February 12, 1981); Looper v. Commissioner,73 T.C. 690 (1980). In Levy v. Commissioner, *642 supra, the Court stated that the 150-day period applies to persons who are temporarily absent from the country, citing Mindell v. Commissioner,200 F.2d 38 (2d Cir. 1952) and Estate of Krueger v. Commissioner,33 T.C. 667 (1960), the two cases relied on by petitioner. Immediately after that statement, the Court said: "In addition, the absence from the country must result in delayed receipt of the deficiency notice." This requirement was not met in petitioner's case. Petitioner's own testimony establishes that he was in Chicago, Illinois on the date the statutory notice of deficiency was issued and for some days thereafter. At the completion of his approximately two-week visit in Chicago, Illinois, petitioner returned to his home in Durham, North Carolina, the address to which the notice of deficiency had been sent. Thus, any delay in receipt of the statutory notice of deficiency sent to his home was due to the fact that he was visiting his aunt in Chicago, Illinois, and not because of his temporary absence from the country. Petitioner simply does not come within the statutory terms granting the 150-day period nor within the underlying *643 intent of Congress to grant such a 150-day period. Where the 150-day period is allowed, the common element running through the cases is a recognition that the receipt of mail is often delayed when it travels abroad. Looper v. Commissioner,supra;Levy v. Commissioner,supra.This element is obviously lacking in this case. Neither petitioner nor his address was "outside the United States" within the meaning of section 6213(a) and thus the 150-day period is not operative in this case. Petitioner's subsequent brief visits to Canada do not change the conclusion that his petition was required to be filed within 90 days under section 6213(a). Mianus Realty Co. v. Commissioner,50 T.C. 418 (1968). Since his petition was filed one day late, we have no choice but to grant respondent's motion to dismiss this case for lack of jurisdiction. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year, unless otherwise indicated.↩