WILLIAM G. KINSEY and DORIS L. KINSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kinsey v. Commissioner
Docket No. 3713-80.
United States Tax Court
T.C. Memo 1981-144; 1981 Tax Ct. Memo LEXIS 602; 41 T.C.M. (CCH) 1170; T.C.M. (RIA) 81144; March 26, 1981. William G. Kinsey, pro se. Ann Schulman, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EKMAN, Judge: Respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed. A hearing on the motion was held in Dallas, Texas, on January 12, 1981. At the conclusion of the hearing the Court took the motion under advisement. *603 The issue is whether this Court has jurisdiction to decide this case. FINDINGS OF FACT On July 17, 1979, respondent mailed to William G. Kinsey (hereinafter petitioner) by certified mail a statutory notice of deficiency in income taxes of $ 27,766.30 and an addition to tax under section 6653(a) of $ 1,388.32 for 1973 and income taxes of $ 21,922.51 and an addition to tax under section 6653(a) of $ 1,096.13 for 1974. The notice of deficiency was sent to 435 Kingswood Court, Albany, Georgia 31707, the address listed by petitioner on a power of attorney dated May 19, 1978. [1]
The statutory notice of deficiency was returned unopened following an attempted delivery at a forwarding address listed by petitioner only as "General Delivery, Moultrie, Georgia 31768." Respondent then ascertained from the Internal Revenue Service Center that petitioner's 1978 Federal income tax return had been filed with an address at 1224 1st Street, S.E., Moultrie, Georgia 31768. The notice was remailed by certified *604 mail on August 29, 1979 to that address. The notice of deficiency was again returned unopened and marked "unclaimed" by the Post Office. Respondent made an assessment against petitioner and his ex-wife, Doris, and both were subsequently sent bills. Petitioner on March 17, 1980, filed a petition, listing as his address 1224 1st St., S.E., Moultrie, Georgia 31768. Doris L. Kinsey did not sign the petition. OPINION The sole issue is whether this Court has jurisdiction over this case. We note at the outset that Doris L. Kinsey did not sign the petition and therefore is not a proper party herein. Rules 34(a), 34(b)(7), 41(a), 60(a), Tax Court Rules of Practice and Procedure; also cf. Brooks v. Commissioner, 63 T.C. 709 (1975); Holt v. Commissioner, 67 T.C. 829 (1977). Petitioner contends that the notice of deficiency was not mailed to his last known address and that, although he received other communications from respondent, he never received the notice of deficiency. Section 6213(a) provides that within 90 days after a valid statutory notice of deficiency is mailed (unless the notice is addressed to a person outside the United States), *605 the taxpayer may file a petition with this Court for a redetermination of the deficiency. Section 6212(b) provides, with an exception not pertinent here, that the notice of deficiency shall be sufficient if mailed to the taxpayer at his last known address. See Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 372 (1974), affd. 538 F.2d 334 (9th Cir. 1976). A taxpayer's last known address is the taxpayer's last permanent or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send communications. Alta Sierra Vista, Inc. v. Commissioner, supra62 T.C. at 374; McCormick v. Commissioner, 55 T.C. 138, 141 (1970). It is the address to which respondent, considering all the surrounding facts and circumstances, reasonably believed the taxpayer wished the notice to be sent. Looper v. Commissioner, 73 T.C. 690 (1980); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). In reasonably determining last known address, respondent is entitled to use those documents submitted to respondent by *606 the taxpayer. See Stewart v. Commissioner, 55 T.C. 238 (1970), affd. per curiam (9th Cir. 1972); Alta Sierra Vista, Inc. v. Commissioner, supra 62 T.C. at 374; Birnie v. Commissioner, 16 T.C. 861, 862-863 (1951); Berger v. Commissioner, 404 F.2d 668 (3rd Cir. 1968), cert. denied 395 U.S. 905 (1969); Delman v. Commissioner, 384 F.2d 929 (3rd Cir. 1967), cert. denied 390 U.S. 952 (1968). The notice of deficiency mailed to petitioner related to tax years 1973 and 1974. The notice of deficiency was originally mailed to the address listed by petitioner on a power of attorney dated May 19, 1978. Upon return of the unopened notice of deficiency, a further investigation was made and a more recent address found. In reasonably determining last known address, respondent was entitled to rely on the power of attorney dated May 19, 1978, Stewart v. Commissioner, supra, and the subsequent filing by petitioner of his 1978 Federal income tax return with the Internal Revenue Service, only a few months prior to the mailing of the notice of deficiency, did not provide *607 respondent with sufficient notice so as to render the statutory notice of deficiency invalid. Budlong v. Commissioner, 58 T.C. 850 (1972). We hold that the statutory notice of deficiency was mailed by certified mail to petitioner's last known address and was therefore valid. Petitioner's contention, that since he never received the notice of deficiency it was therefore not a valid notice, is without merit. It is well established that receipt of the statutory notice of deficiency is not required for the notice to be valid. Houghton v. Commissioner, 48 T.C. 656 (1967); Brown v. Lethert, 360 F.2d 560 (8th Cir. 1966); Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. 499 F.2d 550 (2nd Cir. 1974). Unless a petition is timely filed this Court is without jurisdiction. Estate of Moffat v. Commissioner, 46 T.C. 499 (1966); Vitale v. Commissioner, 59 T.C. 246 (1972). Petitioner filed his petition 244 days after the date of the original mailing of the notice of deficiency and 201 days after the date of the second mailing of the notice of deficiency.[2] Accordingly, petitioner *608 has not timely filed his petition pursuant to section 6213 or section 7502. Respondent's motion to dismiss for lack of jurisdiction is therefore granted. An appropriate order will be issued. Footnotes
1. Reference was made at the hearing to a Form 872 listing petitioner's address as 435 Kingswood Court, Albany, Georgia 31707; however, such Form 872 was not submitted in evidence.↩
2. The postmark of the petition, March 14, 1980, is 241 days after the original mailing of the notice of deficiency and 198 days after the second mailing.↩