THOMAS A. NELSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelson v. Commissioner
Docket No. 16937-80.
United States Tax Court
T.C. Memo 1981-360; 1981 Tax Ct. Memo LEXIS 385; 42 T.C.M. (CCH) 372; T.C.M. (RIA) 81360; July 13, 1981. Charles L. Johnson, for the petitioner. Carmen J. Santa Maria, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John *386 J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rule 180, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: On November 20, 1980, respondent moved to dismiss this case for lack of jurisdiction upon the ground that the petition was not timely filed with the Court within the time prescribed by section 6213(a) or section 7502. Petitioner filed an Objection, together with attached affidavits, to respondent's motion. A hearing was held in Portland, Oregon on April 22, 1981. Petitioner's counsel did not appear at the hearing but rested upon the Objection and attached affidavits. The Objection claims that petitioner filed within the time prescribed by section 6213(a) and section 7502 because petitioner's counsel via an employee mailed the envelope bearing the petition on September 2, 1980, but too late in the day to have *387 it postmarked on that day. Petitioner is a single man with a legal residence at P.O. Box 374, Pacific City, Oregon, 97135 at the time the petition was filed. On June 2, 1980, a statutory notice of deficiency was mailed to him at that address by certified mail. The petition in this case was mailed by regular mail in an envelope bearing a United States postmark dated September 3, 1980. The petition was received and filed by the Court on September 8, 1980. Section 6213(a) requires all petitions to this Court to be filed within a definite period of time after the notice of deficiency has been mailed. It states in pertinent part that: Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The filing of a petition within the prescribed period of time is a jurisdictional requirement. Shipley v. Commissioner, 572 F.2d 212 (9th Cir. 1977); Vibro Mfg. Co. v. Commissioner, 312 F.2d 253 (2d Cir. 1963); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966). *388 An untimely petition must be dismissed. Denman v. Commissioner, 35 T.C. 1140 (1961). The ninetieth day after the statutory notice of deficiency was mailed fell on August 31, 1980, which was a Sunday. The following day, Monday, September 1, 1980, was a legal holiday in the District of Columbia. Accordingly, the period for timely filing a petition with this Court in this case terminated on Tuesday, September 2, 1980. Section 6213(a). Petitioner's Objection asserts that his counsel mailed the petition by regular mail on September 2, 1980. Accepting this as true, the requirements of section 6213(a) have not been met since the petition was not filed with the Court by September 2, 1980. Next, petitioner admits the postmark was September 3, 1980 but argues that this is due to the local policy of the United States Postal Service when mail is deposited after a specified hour in the day. Petitioner asserts that this specified hour is 7:00 p.m., whereas the postal employee's statement says that is true with respect to mail deposited after 8:00 p.m. An employee of petitioner's counsel stated she mailed the petition at approximately 8:30 p.m. on September 2, 1980. *389 Again accepting the purport of these statements, petitioner has not shown that he is entitled to relief under section 7502. Section 7502 provides in pertinent part that: [T]he date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery * * * only if * * * the postmark date falls within the prescribed period or on or before the prescribed date * * * Thus, section 7502 defines when timely mailing will satisfy the timely filing requirement. Under that section the petition is deemed timely filed if the cover containing the petition bears a United States postmark which falls within the time for filing. The regulations under section 7502 go on to explain that: If the postmark on the envelope or wrapper is made by the United States Post Office, such postmark must bear a date on or before the last date, or the last day of the period, prescribed for filing the document. If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless *390 of when the document is deposited in the mail. Accordingly, the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document, but see subparagraph (2) of this paragraph with respect to the use of registered mail or certified mail to avoid this risk. Section 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs.; see Shipley v. Commissioner, supra.
Here the United States postmark date indisputably was September 3, 1980, one day after the period expired within which petitioner could timely petition this Court. We find that section 7502 affords petitioner no relief. Since the petition was not timely filed or postmarked, we have no choice but to grant respondent's motion to dismiss this case for lack of jurisdiction. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year, unless otherwise indicated.↩