STANLEY GLICKMAN and GLORIA GLICKMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glickman v. Commissioner
Docket No. 23131-82.
United States Tax Court
T.C. Memo 1986-258; 1986 Tax Ct. Memo LEXIS 352; 51 T.C.M. (CCH) 1265; T.C.M. (RIA) 86258; June 23, 1986. Stanley Glickman, pro se. Myron S. Isaacs, for the petitioner Gloria Glickman. Cheryl J. Choy-Weller, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $11,954.09 and an addition to tax for negligence of $597.70 in petitioners' Federal income taxes for 1977. This case is before the Court on respondent's motion to dismiss for lack of jurisdiction as to petitioner Stanley Glickman and to change the caption. None of the facts relevant to this motion have been stipulated. Respondent's motion alleges that petitioner Stanley Glickman filed a petition under 11 U.S.C. Chapter 13 with the United States Bankruptcy Court for the Southern District of New York on October 3, 1980; that the Bankruptcy Court ordered the proceedings converted *353 to proceedings under 11 U.S.C. Chapter 7 on September 15, 1982; and that the Bankruptcy Court granted to Stanley Glickman a discharge on January 12, 1983. The notice of deficiency was mailed to petitioners on June 18, 1982, and their joint petition was filed with the Tax Court on September 13, 1982. Respondent submitted exhibits in support of the allegations contained in his motion. In his response to the motion, Stanley Glickman admitted that he had previously filed a petition in bankruptcy, and he does not take issue with the material dates alleged in respondent's motion. We, therefore, accept as true respondent's factual allegations. Respondent asserts that the petition filed in this Court by Stanley Glickman was invalid because it was filed in violation of the automatic stay provisions of 11 U.S.C. section 362(a)(8) (1982), which provides that the filing of a petition under that title "operates as a stay, applicable to all entities, of * * * (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." Mr. Glickman's response to the motion to dismiss states that, when discussing this case with respondent's *354 appeals officer, he was not advised that filing a petition in bankruptcy would bar him from filing a petition in this Court until he received a discharge from his debts. His position is that "because of lack of information from the IRS" this Court should retain jurisdiction of this case. In addition, it is asserted that this Court should not entertain respondent's arguments regarding our jurisdiction because they were not set out in respondent's answer or filed within 45 days of the filing of the petition. See Rule 36(a), Tax Court Rules of Practice and Procedure.
The petition was filed in violation of the automatic stay of proceedings. It is therefore not a valid petition and it is insufficient to confer jurisdiction upon this Court. Thompson v. Commissioner,84 T.C. 645 (1985); McClamma v. Commissioner,76 T.C. 754 (1981). [1] Jurisdiction can be conferred upon the Tax Court only by filing a valid petition within certain time constraints, and we lack power to act in the absence of compliance with the statutory requirements. See Rule 13(c), Tax Court Rules of Practice and Procedure; cf. Vitale v. Commissioner,59 T.C. 246, 247 (1972). *355 Either party or the Court sua sponte can question jurisdiction at any time. Estate of Young v. Commissioner,81 T.C. 879 (1983). "[Q]uestions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." Wheeler's Peachtree Pharmacy, Inc. v. Commissioner,35 T.C. 177, 179 (1960). Thus, Rule 36(a), which allows respondent 45 days within which to move with respect to a petition, does not circumscribe respondent's right to question jurisdiction. Brown v. Commissioner,78 T.C. 215, 218 (1982). If Stanley Glickman had filed his petition with this Court after his bankruptcy discharge within the period prescribed by section 6213(f), Internal Revenue Code of 1954, his petition would have served to confer jurisdiction upon this Court. Unfortunately Mr. Glickman was in poor health and in poor financial condition at that time. He proceeded without the advice of legal counsel during the period in which he could have filed a valid *356 petition pursuant to section 6213(f).While we sympathize with Mr. Glickman's circumstances, we have no choice but to dismiss this case for lack of jurisdiction. Therefore, respondent's motion will be granted, and An order will be entered dismissing petitioner Stanley Glickman from this case for lack of jurisdiction.
Footnotes
1. Cf. Ever Clean Services, Inc. v. Commissioner,T.C. Memo. 1982-726↩.