USCA1 Opinion

 

 July 1, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1654 PHILIP PAUL BASSETT, Petitioner, Appellant, v. COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES TAX COURT [Hon. Stephen J. Swift, U.S. Tax Court Judge] ____________________ ___________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ___________________ Philip Paul Bassett on brief pro se. ___________________ Michael L. Paup, Acting Assistant Attorney General, Gary R. _______________ _______ Allen, Gilbert S. Rothenberg and Steven W. Parks on brief for _____ ______________________ _______________ appellee. __________________ __________________ Per Curiam. Philip Paul Bassett seeks review of a __________ Tax Court decision sustaining an Internal Revenue Service (IRS) determination that Bassett had underpaid his taxes and was liable for certain penalties as a result. The Tax Court decision entered on January 15, 1993, but Bassett did not file his notice of appeal until June 11, 1993, well after the appeal period had expired. See 26 U.S.C. 7483 ("Review of ___ a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered."). In response to our order to show cause why his late appeal should proceed, Bassett alleged that he had not been informed of his appellate rights or obligations by either the IRS or the Tax Court. We permitted the appeal to proceed, reserving the question whether we had jurisdiction over the untimely appeal. We now dismiss Bassett's appeal for lack of jurisdiction. See Vibro Manufacturing Co. v. Commissioner, ___ _______________________ ____________ 312 F.2d 253, 254 (2d Cir. 1963) (untimely filing of appeal deprives the court of appeals of jurisdiction over an appeal). The Tax Court's failure to notify Bassett of his appeal rights does not excuse the untimely appeal so that we may assume jurisdiction over the appeal. See Wilder v. ___ ______ Chairman of the Central Classification Board, 926 F.2d 367, _____________________________________________ 371 n.2 (4th Cir.) (the court rejected a pro se appellant's -2- argument that the district court's failure to inform him of the proper procedures for seeking an appeal was grounds for permitting his untimely appeal to proceed), cert. denied, 112 ____________ S. Ct. 109 (1991); Mayfield v. United States Parole ________ ______________________ Commission, 647 F.2d 1053, 1055 n.5 (10th Cir. 1981) (the __________ court suggested that, because the time requirements for filing an appeal are jurisdictional, they would not be affected by the district court's failure to heed the court of appeals' previous suggestion that pro se litigants be notified of their appeal rights and duties). The same would be true of any failure by the IRS to inform Bassett of his appellate rights, assuming, that is, that the IRS had such an obligation. Appeal dismissed. _________________ -3-