T.C. Memo. 2000-231


UNITED STATES TAX COURT


HOWARD M. MORGAN AND GLENICE S. MORGAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17424-99.                    Filed August 1, 2000.


<u>Frank A. Weiser</u>, for petitioners.

<u>Edwin A. Herrera</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Respondent moves the Court to dismiss this case for lack of jurisdiction arguing that petitioners failed to petition this Court within the 90-day period of section 6213(a)[1].

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code as applicable herein.  Rule references are to the Tax Court Rules of Practice and Procedure.

See also Rules 13(c) and 40.  On April 15, 1999, respondent mailed to petitioners' last known address and former address notices of deficiency determining a $448,007 deficiency in their 1995 Federal income tax and an $89,601 accuracy-related penalty under section 6662(a).  Petitioners object to respondent's motion.  Petitioners argue primarily that the notices mailed to their last known address were invalid because, they assert, the notices did not contain notice of their right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.  Petitioners contend that such information is required by section 6212(a).  Petitioners argue alternatively that the petition they filed with this Court after the 90-day period was timely because they challenged respondent's determination through a lawsuit filed in United States District Court during the 90-day period.

We held an evidentiary hearing on respondent's motion and shall grant it.

## Background[2]

Petitioners filed a joint 1995 Federal income tax return. On April 15, 1999, respondent mailed to each petitioner by

---

[2] The Court directed each party to file an opening brief and an answering brief, the latter limited to making any objection to the opposing party's proposed findings of fact.  Petitioners have not filed an answering brief.  We conclude they have conceded respondent's proposed findings as correct except to the extent that their opening brief contains proposed findings inconsistent therewith.  See Fankhanel v. Commissioner, T.C. Memo. 1998-403, affd. by unpublished opinion 205 F.3d 1333 (4th Cir. 2000).

certified mail two notices of deficiency addressed to both petitioners as to that year.[3]  Two of these notices were mailed to petitioners' last known address (the Collins address) and received by them.  The other two notices were mailed to petitioners' former address (the Willow address), which, at the time, was the residence of petitioners' daughter and son-in-law; petitioners claim not to have received the latter two notices.  All four notices are identical in all material regards, and each notice was mailed separately with a copy of Notice 1214, Helpful Contacts for Your "Notice of Deficiency".[4]  None of respondent's mailings were returned to him as undeliverable.

During the first week of July 1999, Mr. Morgan retained Anne Tahim, a certified public accountant, to appeal respondent's determination.  On July 12, 1999, Ms. Tahim sent to the Internal Revenue Service by facsimile an executed power of attorney listing her and a colleague (collectively, the representatives) as petitioners' representatives for petitioners' 1995 through 1998 taxable years.  Upon receiving the facsimile, an employee of respondent spoke to Ms. Tahim by telephone and, among other

---

[3] An employee of respondent also hand delivered to Mr. Morgan on that date a copy of one of these notices.

[4] Notice 1214 is a 2-page document that informs a person receiving a notice of deficiency that he or she may discuss the notice with the Internal Revenue Service employee listed on the face of the notice or with a local taxpayer advocate.  The notice lists a toll-free number for taxpayer advocate assistance and the local phone numbers of the taxpayer advocate offices.

things, informed her that petitioners had until July 14, 1999, to petition this Court to redetermine respondent's determination. The employee also provided Ms. Tahim with the telephone number of this Court's petition section.

On July 14, 1999, 90 days after respondent mailed to petitioners the notices of deficiency, petitioners filed a lawsuit against the Internal Revenue Service and Does 1 through 40 (collectively, the defendants) in the United States District Court, Central District of California, generally challenging respondent's determination. On September 29, 1999, the defendants moved to dismiss the lawsuit without prejudice to petitioners' paying the tax and filing a proper refund action, asserting primarily that the District Court lacked subject matter jurisdiction. Following the District Court's filing of petitioners' opposition to the defendant's motion,[5] the District Court, on October 25, 1999, filed a stipulation of the parties there stating that the court "may dismiss * * * [petitioners'] Complaint and action on the sole ground that the Court lacks subject matter jurisdiction, without prejudice to * * * [petitioners] filing a subsequent suit in a court of competent

_____

[5] Petitioners agreed in their opposition that the District Court lacked jurisdiction, but they went to great lengths to maintain that the court should dismiss the case without rendering judgment on the merits of the case. Petitioners' opposition states that they do not want the court's dismissal to be given res judicata effect in any further proceeding.

jurisdiction."  The District Court dismissed petitioners' lawsuit on or after that date.

Petitioners petitioned this Court on November 16, 1999, to redetermine respondent's determination.  Petitioners resided in Orange, California, at that time.

Discussion

Our jurisdiction requires a valid notice of deficiency and a timely filed petition, and when one or both of these items is missing, we must dismiss a case for lack of jurisdiction.  See sec. 6213(a); Cross v. Commissioner, 98 T.C. 613, 615 (1992); Pyo v. Commissioner, 83 T.C. 626, 632 (1984).  Section 6213(a) provides that where a notice of deficiency is addressed to an individual within the United States, he or she may petition this Court within 90 days of the mailing of the notice of deficiency to redetermine the deficiency.

Petitioners argue primarily that the notices of deficiency mailed to their last known address were invalid because, they assert, the notices failed to include all information required by section 6212(a).  We disagree with this assertion.  We find as a fact that the notices of deficiency mailed to petitioners' last known address contain all statutorily required information. Petitioners point to the fact that respondent's files contain one copy of the notices of deficiency mailed to the Collins address, one copy of the notices mailed to the Willow address, and one

copy of Notice 1214, which is attached to the copy of the notices mailed to the Willow address. Petitioners draw from this fact that Notice 1214 was mailed only to the Willow address. Contrary to petitioners' assertion, the mere fact that respondent's file contains only one copy of Notice 1214 does not mean that respondent sent only one copy of that notice to them. Certain of respondent's employees testified credibly that only one copy of Notice 1214 is kept in the file of a taxpayer (or taxpayers in the case of a joint return), notwithstanding the number of copies of that notice that are actually sent to the taxpayer(s). We conclude and hold that the notices of deficiency mailed to petitioners' last known address were valid. In so concluding, we reject without further discussion petitioners' assertion that all information required by section 6212(a) must be included on the face of the notice of deficiency in order to comply with that section.

Petitioners argue alternatively that their petition to this Court was timely because they filed the lawsuit in the District Court within the applicable 90-day period. We disagree. The fact that a taxpayer files a lawsuit in a Federal District Court challenging a notice of deficiency does not mean that a later petition to this Court is considered filed as of the earlier filing in District Court. See Brave v. Commissioner, 65 T.C. 1001 (1976); see also exhibit 3 (Notice of deficiency issued to

petitioners at the Collins address), which states on its face that: (1) "you have 90 days from the date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency" and (2) the "Last Day To File A Petition With The United States Tax Court" is "July 14 1999". Nor does it matter that the parties to the District Court proceeding agreed to dismiss that case without prejudice to petitioners' challenging respondent's determination in the appropriate forum. Petitioners' reliance on the equitable powers of this and the equitable powers of the District Court to extend or otherwise toll the 90-day statutory period is unfounded under the facts herein.[6]

We hold that we lack jurisdiction over this case because petitioners failed to petition this Court within the applicable 90-day period; accordingly, we shall dismiss this case for that reason. Our dismissal does not leave petitioners without a right to contest respondent's determination in the appropriate forum. Petitioners may, if they desire, pay the tax claimed due by respondent, file with respondent a claim for refund of any amount purportedly overpaid, and if and when respondent denies that claim, sue respondent for a refund in a United States District

---

[6] We find nothing in the record to support petitioners' naked assertion that the District Court remanded their case to this Court or otherwise allowed them to petition this Court effective as of the date of their District Court filing. Thus, we need not and do not decide petitioners' argument that the District Court has the power to do so.

Court or the Court of Federal Claims.  Our dismissal means that petitioners are unable to contest respondent's determination in this Court.  See <u>Budlong v. Commissioner</u>, 58 T.C. 850, 854 n.2 (1972); <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 n.5 (1970).

To reflect the foregoing,

<u>An appropriate order will be entered</u>.