T.C. Memo. 2007-240

UNITED STATES TAX COURT

CRAIG H. BOND AND JENNIFER BOND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9282-06L.                    Filed August 22, 2007.

Craig H. Bond and Jennifer Bond, pro sese.

<u>John M. Janusz</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment filed under Rule 121.[1]

---

[1] Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
year in issue.

## Background

This is an appeal from respondent's determination to uphold the validity of a notice of Federal tax lien filed with respect to petitioners' 2001 unpaid income tax liability. Petitioners resided in Henrietta, New York, when the petition was filed.

Petitioners filed their joint Federal income tax return for 2001. Respondent subsequently commenced an examination of petitioners' 2001 tax year and determined a deficiency in petitioners' income tax and an accuracy-related penalty under section 6662. On October 27, 2004, respondent mailed petitioners a statutory notice of deficiency.

Petitioners failed to petition this Court with respect to the October 27, 2004, notice of deficiency. Consequently, respondent assessed petitioners' unpaid 2001 tax liability and issued notice and demand for payment. Petitioners failed to respond to respondent's request, and on October 5, 2005, respondent issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320. Petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing.

On December 21, 2005, Appeals Officer Kenneth J. Heidle (Officer Heidle) conducted a conference with Harold Rehm (Mr. Rehm), petitioners' representative and 2001 tax return preparer. However, because Officer Heidle concluded that Mr. Rehm was not

an enrolled return preparer, no information was provided to Mr. Rehm at the conference. Mr. Rehm communicated to Officer Heidle the desire of petitioners to reopen the audit of their 2001 return.

On December 29, 2005, Officer Heidle held a face-to-face conference with petitioner Jennifer Bond (Mrs. Bond) and Mr. Rehm. Mrs. Bond raised questions regarding petitioners' tax liability for 2001 and reiterated petitioners' request to reopen the audit of their 2001 return. Officer Heidle informed Mrs. Bond that petitioners were precluded from contesting their underlying tax liability for 2001 because petitioners had already been given an opportunity to do so when they received the October 27, 2004, notice of deficiency, which Mrs. Bond acknowledged receiving.

On April 12, 2006, Officer Heidle sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Officer Heidle determined that petitioners were precluded from contesting their underlying tax liability and concluded that respondent could proceed with the proposed collection action.

On May 16, 2006, the petition was filed. In their petition, petitioners raised arguments relating only to their underlying tax liability for 2001.

On June 13, 2007, respondent filed his motion for summary judgment. On July 5, 2007, petitioners filed a response in opposition to respondent's motion. On July 13, 2007, respondent filed a reply to petitioners' response in opposition.

Discussion

## I. Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of establishing that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The nonmoving party, however, cannot rest upon the allegations or denials in his pleadings but must "set forth

specific facts showing that there is a genuine issue for trial."

Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II.  Section 6330(d) Review

Under section 6320(a), the Secretary[2] is required to notify the taxpayer in writing of the filing of a Federal tax lien and to inform the taxpayer of his right to a hearing.  If the taxpayer makes a request for a hearing under section 6320, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service (IRS) Office of Appeals.  Sec. 6320(b)(1), (3).  At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.[3]  Sec. 6330(c)(2)(A).  A taxpayer may contest the existence or amount of the underlying tax liability if the taxpayer failed to receive a notice of deficiency for the tax liability in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).  Receipt

---

[2] The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A).

[3] Sec. 6320(c) provides that sec. 6330(c), (d) (other than par. (2)(B)), and (e) shall apply for purposes of the sec. 6320 hearing.

of a statutory notice for purposes of section 6330(c)(2)(B) means receipt in time to petition the Tax Court for a redetermination of the deficiency asserted in the notice of deficiency.  Sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

Following a hearing, the Appeals Office must make a determination whether the Secretary may proceed with the proposed collection action.  In so doing, the Appeals Office is required to take into consideration:  (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).

Section 6330(d)(1) grants the Court jurisdiction to review the determination made by the Appeals officer.  If the underlying tax liability is properly at issue, the Court reviews the determination regarding the underlying tax liability de novo. Sego v. Commissioner, supra at 610.  The Court reviews all other determinations for abuse of discretion.  Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Petitioners claim that they are not precluded from contesting their underlying tax liability for 2001 because Mr.

Rehm did not receive a copy of the October 27, 2004, notice of deficiency. Petitioners allege that because they executed a power of attorney placing Mr. Rehm in charge of all matters relating to their 2001 tax year, respondent erred by not sending him a copy of the notice.[4]

Petitioners' argument is without merit. The power of attorney designated Mr. Rehm as petitioners' representative and authorized him to receive copies of communications sent by respondent to petitioners. However, the power of attorney specified that respondent would send all original communications to petitioners. Under like circumstances we have held that the failure to mail a copy of the notice of deficiency to a taxpayer's representative is not fatal to the validity of the notice. McDonald v. Commissioner, 76 T.C. 750, 753 (1981); Allen v. Commissioner, 29 T.C. 113, 117 (1957). Section 6212 requires only that the Secretary mail the notice of deficiency by certified or registered mail to the taxpayer's last known address. A notice of deficiency is valid if it is mailed directly to a taxpayer at the taxpayer's last known address, even if the taxpayer directs that a copy of all communications be sent to the taxpayer's representative and no copy of the deficiency

---

[4] We shall assume for purposes of this discussion that the Form 2848, Power of Attorney and Declaration of Representative, signed by Mrs. Bond and Mr. Rehm on Oct. 12, 2004, is valid despite petitioner Craig Bond's failure to sign it.

notice is sent to the taxpayer's representative.  McDonald v. Commissioner, supra at 752-753; Allen v. Commissioner, supra at 117.  Sending copies of the statutory notice to representatives named in a power of attorney is merely a courtesy to the taxpayer, not an obligation of the IRS, and in no way affects the mailing requirements of section 6212.  McDonald v. Commissioner, supra at 753; Houghton v. Commissioner, 48 T.C. 656, 661 (1967).  Accordingly, the notice of deficiency is valid despite Mr. Rehm's failure to receive a copy.

Petitioners' remaining arguments relate to their underlying tax liability for 2001.  The record clearly demonstrates, however, that respondent properly mailed them a notice of deficiency for 2001 on October 27, 2004.  Respondent attached to his motion a copy of the notice of deficiency and a copy of the U.S. Postal Service Form 3877, confirming that a copy of the notice was mailed to each petitioner on October 27, 2004.  The record does not contain any evidence that the notice of deficiency was ever returned to respondent nor have petitioners denied receiving it.  Moreover, Mrs. Bond admitted at the face-to-face conference held on December 29, 2005, and in a January 27, 2006, letter to Officer Heidle that petitioners received the October 27, 2004, notice of deficiency.  Accordingly, we conclude that because petitioners received a statutory notice of deficiency, petitioners are precluded under section 6330(c)(2)(B)

from contesting their 2001 tax liability.  Because petitioners'
underlying tax liability is not properly at issue, we review the
determination made by the Appeals Office for abuse of discretion.
As petitioners raise no other arguments pertaining to the
appropriateness of the proposed collection action, we hold that
Mr. Heidle did not abuse his discretion in upholding the validity
of the notice of Federal tax lien filing.

On this record, we conclude that there is no genuine issue
of material fact requiring a trial, and we hold that respondent
is entitled to the entry of a decision sustaining the lien as a
matter of law.

To reflect the foregoing,

<u>An appropriate order and
decision will be entered</u>.